UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD W. CAGE, #244367,

       Plaintiff,

                                                  CASE NO. 2:06-CV-10930
v.                                                 HONORABLE PAUL D. BORMAN

PROJECT REHAB CENTER BOARD
OF DIRECTORS, et al.,

       Defendants.
_____/

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL AND
DIRECTING SERVICE UPON CERTAIN NAMED DEFENDANTS**

I.     Introduction

       The Court has before it Plaintiff Harold Cage's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983.  This Court has granted Plaintiff's application to proceed without prepayment of the filing fee.  *See* 28 U.S.C. § 1915(a).  At the time he instituted this action, Plaintiff was detained at the Saginaw County Jail.  In his complaint, Plaintiff sues various entities, individuals, and an insurance company asserting that he was injured in a slip and fall due to unsafe conditions while housed at the Arete Center in Saginaw, Michigan and that he has been denied proper medical care while confined at the Saginaw County Jail.  Plaintiff states that he attempted to administratively resolve these issues, but the grievance procedure at Saginaw County Jail does not include medical services.  Plaintiff seeks injunctive/declaratory relief and monetary damages.

Having reviewed Plaintiff's complaint, the Court now dismisses it in part pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state claims upon which relief may be granted against certain defendants.  The Court also directs that the remaining defendants be served.

II.   Analysis

Plaintiff has been granted *in forma pauperis* status.  Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that:  (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law.  *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978).  A *pro se* civil rights complaint is to be construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Despite the liberal pleading standard accorded *pro se* plaintiffs, however, the Court finds that Plaintiff's complaint is subject to partial summary dismissal.

    A.    <u>Insurance Company Defendants</u>

A plaintiff must demonstrate that the conduct which caused his alleged injury is "fairly attributable to the State" in order to state a civil rights claim under § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Conduct which deprives a party of a federally protected right can be said to be fairly attributable to the state when: (1) the deprivation is caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) the party charged with the deprivation may be fairly described as a state actor. *Id*.

In this case, the insurance company defendants – the Commercial Travelers Insurance Company, Rosemary Zaing, Tim Coughlin, and Jane/John Doe claim adjuster – are private parties and not state actors. *See, e.g., Britt v. Fox*, 100 Fed. Appx. 627, 628 (6th Cir. 2004); *Naething v. Covington*, 73 Fed. Appx. 825, 826 (6th Cir. 2003). Plaintiff has thus failed to state a claim upon which relief may be granted under § 1983 as to those defendants and his civil rights claims against them must be dismissed.

    B.    <u>Defendants Project Rehab Board of Directors, Sheriff Charles Brown, and Arete Center Board of Directors</u>

It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See, e.g., Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (§ 1983 liability cannot be based upon a theory of *respondeat superior*); *Taylor v. Michigan Dep't. of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff has not done so with respect to defendants Project Rehab Board of Directors, Sheriff Charles Brown, and Arete Center

Board of Directors.  He fails to allege facts indicating that such defendants had any personal or direct involvement in Plaintiff housing conditions or medical care.  The mere fact that those defendants may exercise supervisory authority over other parties is insufficient to state a claim under § 1983.  Plaintiff's claims against those defendants must therefore be dismissed.

      C.      Remaining Defendants

Having reviewed the remainder of the complaint, the Court finds that Plaintiff's claims concerning alleged unsafe housing conditions and denial of medical care against defendants Arete Center Director, Gutzwiller, Irvine, Fitzsimmons, John Doe doctor, and Jane Doe nurses are not subject to summary dismissal.

III.      Conclusion and Order

For the reasons stated, the Court concludes that Plaintiff has failed to state claims upon which relief may be granted against defendants Travelers Insurance Company, Rosemary Zaing, Tim Coughlin, Jane/John Doe claim adjuster, Project Rehab Board of Directors, Sheriff Charles Brown, and Arete Center Board of Directors.  Accordingly, **IT IS ORDERED** that Plaintiff's complaint as to those defendants is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

**IT IS FURTHER ORDERED** that the complaint as it pertains to the remaining named defendants Arete Center Director, Gutzwiller, Irvine, and Fitzsimmons and a copy of this order, be **SERVED** upon those defendants by the United States Marshal without prepayment of costs.  Plaintiff must provide the Court with the names of the John Doe doctor defendant and the Jane Doe nurse defendants within **60 days** of the filing date of this order so that service may be executed.  Failure to do so may result in dismissal of those defendants for want of prosecution.

Lastly, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**


        s/Paul D. Borman
        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

Dated: March 20, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 20, 2006.

        s/Jonie Parker
        Case Manager