UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD W. CAGE,

       Plaintiff,                   CIVIL ACTION NO. 06-CV-10930

v.                                   DISTRICT JUDGE PAUL D. BORMAN

PROJECT REHAB CENTER       MAGISTRATE JUDGE DONALD A. SCHEER
BOARD OF DIRECTORS, et. al.,

       Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: The Amended Complaint should be dismissed against the three Saginaw County Jail officials due to plaintiff's failure to exhaust available administrative remedies. The Amended Complaint should be dismissed against the remaining defendants for failure to state a claim upon which relief may be granted.

\*   \*   \*

Plaintiff, while incarcerated at the Saginaw County Jail,[1] was allowed to proceed *in forma pauperis* and filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on March 1, 2006, against various entities, individuals and an insurance company. Plaintiff alleged that, while detained at the Saginaw Jail, he was injured in a slip and fall in June 2005, due to unsafe conditions. He also asserted that Saginaw County jail officials, among others, had

---

[1] Plaintiff is still incarcerated at the Saginaw County Jail in Saginaw, Michigan.

been deliberately indifferent to his serious medical needs. Plaintiff sought injunctive/declaratory relief as well as compensatory and punitive damages.

In an Order of Partial Dismissal, dated March 20, 2006, the Court dismissed a number of insurance company defendants (Commercial Travelers Insurance Company, Rosemary Zaing, Tim Coughlin, Jane/John Doe claim adjustors) because they were private parties and not state actors. In addition, the Court dismissed the Project Rehab Board of Directors, Saginaw Sheriff Charles Brown and the Arete Center Board of Directors because Plaintiff failed to indicate that these defendants had any personal or direct involvement in his housing conditions or medical care. The Court, however, allowed the Plaintiff to proceed against three Saginaw jail officials (Lieutenant Gutzwiller, Sergeant Irvine and Sergeant Fitzsimmons), on his claim that they were deliberately indifferent to his serious medical needs following his slip and fall.

Before any of the remaining defendants could be served, Plaintiff filed an Amended Complaint on May 8, 2006, adding as defendants two attorneys, appointed to represent him on unrelated state criminal matters, because they allegedly provided ineffective assistance of counsel. Plaintiff also named as defendant Elaine Kaiser, the health administrator for Secure Care, a health care provider for inmates at the Saginaw County Jail.

EXHAUSTION OF REMEDIES AGAINST PRISON OFFICIALS

The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all administrative remedies before filing a section 1983 action. Specifically, the statute provides, "no action shall be brought with respect to prison conditions under section 1983

. . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has declined to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). The Sixth Circuit has held that "prisoners filing a § 1983 case involving prison conditions must allege and show that they have exhausted all available state administrative remedies" before a district court may adjudicate their civil rights claims, and has also held that the district court should enforce this requirement sua sponte. Brown v. Toombs, 139 F.3d 1102, 1103 (6th Cir. 1998), cert. denied, 525 U.S. 833 (1998). Compliance with this provision requires that prisoners file a grievance against the person(s) they ultimately seek to sue, Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001), and merely grieving prison conditions, without identifying any particular person who may be responsible, is insufficient. Gibbs v. Bolden, 151 F. Supp.2d 854, 857 (E.D. Mich. 2001).

In this case, Plaintiff has failed to exhaust his administrative remedies against defendants Gutzwiller, Irvine or Fitzsimmons. The prisoner bears the burden of showing that all administrative remedies have been exhausted by attaching to his Complaint copies of any grievance decision demonstrating the "administrative disposition of his complaint." Brown, 139 F.3d at 1104. The prisoner must show that he has exhausted the administrative remedies with respect to each individual he intends to sue. Thomas v. Woolum, 337 F.3d 720, 735 (6th Cir. 2003). He must also administratively exhaust each claim as to each defendant. Burton v. Jones, 321 F.3d 569, 574 (6th Cir.2003). In the case of a mixed complaint, which contains both unexhausted and exhausted claims, the Sixth Circuit has

ruled that total exhaustion of all claims is required under the PLRA. Bey v. Johnson, 407 F.3d 801, 806 (6th Cir. 2005).

Plaintiff attached a number of jail grievances to his Amended Complaint. While Plaintiff grieved about a lack of exercise (Exhibits 12 & 16), being unfairly placed in administrative segregation (Exhibits 13 & 15) and not being allowed access to the jail's law library (Exhibits 27 thru 32), he did not attach any grievances against defendants Gutzwiller, Irvine or Fitzsimmons alleging that they had been deliberately indifferent to his serious medical needs following his slip and fall. Thus, Plaintiff has failed to exhaust his administrative remedies as required by § 1997e(a). The PLRA clearly makes exhaustion as to each defendant and claim a pleading requirement, which cannot be cured later in the litigation. Baxter v. Rose, 305 F.3d 486, 488 (6th Cir. 2002).

Plaintiff has failed to show that he pursued grievances against defendants Gutzwiller, Irvine and Fitzsimmons at all levels of administrative review, or that he was precluded from doing so. As a result, the Amended Complaint should be dismissed against all three Saginaw County Jail officials on the basis of Plaintiff's failure to exhaust administrative remedies. Brown v. Toombs, 139 F.3d at 1104; White v. McGinnis, 131 F.3d 593. 595 (6th Cir. 1997).

DISMISSAL OF REMAINING DEFENDANTS

Plaintiff has been granted *in forma pauperis* status. Under the PLRA, the Court is required to sua sponte dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 19979(e); 28 U.S.C. § 1915(e)(2)(B). A complaint is

4

frivolous if it lacks an arguable basis in law or in fact. Denton v. Hernandez, 504 U.S. 35, 31 (1992).

It is well established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983.  The Plaintiff must allege some specific, personal wrongdoing on the part of each individual defendant, and theories of vicarious liability or *respondeat superior* are not sufficient. Rizzo v. Goode, 423 U.S. 362, 376 (1976); Poe v. Haydon, 853 F.2d 418, 429 (6th Cir. 1988), cert. denied, 488 U.S. 1007 (1989). Additionally, a supervisory official's failure to supervise, control, or train the offending individual is not actionable, unless the supervisory official "either encouraged the specific incident of misconduct or in some other way directly participated in it." Hays v. Jefferson County, 668 F.2d 869, 874 (6th Cir. 1982), cert. denied, 459 U.S. 833 (1982).

In his Amended Complaint, Plaintiff alleges that the Director of the Arete Center was responsible for his injuries because she exercised supervisory authority over the daily functions of the rehabilitation institution. Absent a showing that the Director was personally or directly involved, she may not be held liable for compensatory and punitive damages. Accordingly, the monetary claim against her should be dismissed regardless of the constitutional sufficiency of Plaintiff's actual treatment.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law.  Therefore, a plaintiff must demonstrate that the conduct which caused his alleged injuries is "fairly attributable to the State" in order to state a civil rights claim under § 1983. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). Court appointed attorneys

Bush and Synder, as well as insurance company defendant Elaine Kaiser, should be dismissed because they are private parties and not state actors. Plaintiff has thus failed to state a claim upon which relief may be granted under § 1983 as to these defendants, and his amended civil rights complaint against them should be summarily dismissed before service of process.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Borman's acceptance thereof is waived.

> s/Donald A. Scheer
> DONALD A. SCHEER
> UNITED STATES MAGISTRATE JUDGE

DATED: May 31, 2006

_____

### CERTIFICATE OF SERVICE

I hereby certify on May 31, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 31, 2006. **Harold Cage.**

> s/Michael E. Lang
> Deputy Clerk to
> Magistrate Judge Donald A. Scheer
> (313) 234-5217